UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HOLLIE E. TOWNSEND     CIVIL ACTION NO. 08-cv-1024

VERSUS

U.S. COMMISSIONER SOCIAL     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Hollie Townsend ("Plaintiff") suffers from severe impairments in the form of hydrocephaly and a learning disability. The hydrocephaly was discovered when Plaintiff was age two, and she underwent a shunt procedure, which was revised at the ages of eight and eleven. Despite her medical problems, Plaintiff was editor-in-chief of her high school newspaper for two years, and she wrote columns about her school that were published in the Times Picayune. She graduated high school in 1992 and received a composite ACT score of 16.

Testing indicated a full scale IQ of 92, but there was a significant difference between the verbal IQ of 103 and performance IQ of only 82. Reading and spelling scores were at the 12th grade level, but the score in arithmetic was at a 6th grade level. Other evidence was indicative of poor math skills, as well as poor spatial orientation, poor short-term memory, and poor concept of compass direction. Plaintiff nonetheless managed to attend college and, after 11 years, earn a degree in professional writing.

Plaintiff does not drive, but she is able to care for herself, wash dishes, prepare simple meals, and do laundry without help or encouragement. She relies on her husband for transportation and to often accompany her when she leaves the house. There was evidence that Plaintiff has briefly held jobs at a pet store, a grocery store, and an amusement park, but her periods of employment were brief in duration and did not amount to substantial gainful activity. Plaintiff's husband testified that employers would grow frustrated with efforts to train Plaintiff and either reduce her hours substantially or fire her. He said that Plaintiff had trouble getting lost if she had to leave her post, it took her a long time to learn a job, and she was unable to perform multiple tasks. For example, he said, when Plaintiff worked at a grocery store she was able to learn to make one kind of coffee, but she was unable to successfully learn how to make a variety of coffee drinks.

ALJ W. Thomas Bundy conducted a hearing and issued a written decision that analyzed the claim under the five step sequential analysis. He found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, but with an exertional limitation that she was limited to the performance of the simplest, unskilled work.

The analysis proceeded to step five, which asks whether there are jobs available in the economy that the claimant can perform, and the ALJ obtained testimony from a vocational expert ("VE"). The ALJ asked Plaintiff's husband if he thought Plaintiff could perform an entry level, least complicated, low stress job. The husband replied that he was trying to think

of the kind of job the ALJ was talking about. The ALJ asked the VE to provide an example. Tr. 36-37. The VE later identified the job of dishwasher, and the ALJ and the husband then discussed the likelihood that Plaintiff could perform such work. The ALJ later asked the VE about the duties of a typical dishwasher. The VE stated that the Dictionary of Occupational Titles ("DOT") says that a dishwasher may also have to sweep, mop floors, and wash work tables, walls, refrigerators, and meat blocks. He may also have to separate and remove trash and garbage. Tr. 45-47.

The Commissioner argues that the ALJ relied on Medical Vocational Rule 204 at step five to direct a finding of not disabled. Actually, the ALJ recognized that Plaintiff had nonexertional limitations that compromised her ability to perform work at all levels, so he looked to the VE for evidence to satisfy the agency's step five burden. He did look to Rule 204, but only as a framework for his decision. The ALJ wrote that the VE testified that a person with Plaintiff's RFC would be able to perform the requirements of dishwasher. He noted that the DOT characterizes the dishwasher job at #599.687-030 as medium and unskilled. The ALJ wrote that, based on the VE's testimony, he concluded that Plaintiff was not disabled. Tr. 22-23.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.

Plaintiff argues that the ALJ's assessment of her RFC is not a function-by-function analysis in compliance with Social Security Rulings 96-8p and 96-9p; the ALJ did not meet the Commissioner's burden at step five; and that the ALJ's finding that Plaintiff can perform the job of dishwasher is not supported by substantial evidence. This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).

The court finds that reversal and remand are required for a combination of reasons. First, the ALJ never asked the VE a hypothetical question that included the RFC, and the VE never testified affirmatively that a person with Plaintiff's RFC could perform the job of dishwasher. That suggestion may be implied, but it is not certain from the record. Also, the VE did not testify that a significant number of such jobs exist in the relevant economies. The VE also did not identify the job by a particular DOT definition. That is not itself error, but the ALJ referenced DOT #599.687-030, and that definition states that the job requires the employee to apply common-sense understanding to carry out *detailed* but uninvolved written or oral instructions, as well as deal with the problems involving a few concrete *variables* in or from standardized situations. The ALJ determined that Plaintiff's RFC limits her to performing only the "simplest, unskilled work." There is no affirmative testimony from the VE that a person with that limitation could perform the reasoning demands of the job identified by the ALJ, and there is ample evidence that Plaintiff has experienced difficulties

in learning jobs that involved any level of detail in the instructions or variance from a standard situation (such as simply taking tickets, or making only one kind of coffee). The ALJ made a general finding that Plaintiff's statements about the extent of her symptoms was not entirely credible (Tr. 19), but it does not appear that he specifically discounted the evidence regarding her difficulty following more than the most basic instructions.

Some of the problems identified above, taken in isolation, might not warrant reversal. For example, the VE did not testify that there are a significant number of dishwasher jobs available in the relevant economies, but the Commissioner has pointed to a reported decision from Texas in which a VE testified about a substantial number of dishwashing jobs available in the national economy. If that were the only missing element, the court might find the omission was a harmless error. There are, however, other issues outlined above that persuade the court that there was not sufficient compliance with the relevant legal standards to affirm the agency's decision. The results on remand may or may not change, but a remand will permit the opportunity to gather unambiguous testimony from the VE at step five about whether a person with Plaintiff's RFC could perform the physical and mental demands of dishwasher (or other work) and regarding the number of such jobs that are available. A judgment will be entered in accordance with this ruling.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge

whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of September, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE